**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DENISE RIDENOUR,** | ) | **CASE NO.  1:21-cv-00237** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN A. POLSTER** |
| | ) | |
| **vs.** | ) | **MAG. JUDGE JONATHON D. GREENBERG** |
| | ) | |
| **AG-PRO OHIO, LLC,** | ) | **DEFENDANT'S ANSWERS AND** |
| | ) | **DEFENSES TO COMPLAINT** |
| **Defendant.** | ) | |

---

For its answers and defenses to the allegations of the Complaint of Plaintiff, Denise Ridenour, Defendant, Ag-Pro Ohio, LLC ( "Defendant"), states as follows:

1.      Defendant denies the allegation contained in paragraph 1 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

2.      Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint, except to admit Defendant is a limited liability company that operates a business located at 11204 North Royalton Road, North Royalton, Ohio 44133.

3.      Defendant admits the allegation contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegation contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits the allegation contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the allegation contained in paragraph 6 of Plaintiff's Complaint.

7.      Paragraph 7 of Plaintiff's Complaint is a conclusion of law that requires no response. Defendant does not dispute the Court has personal jurisdiction over it in accordance with federal principles.

8.      Paragraph 8 of Plaintiff's Complaint is a conclusion of law that requires no response. Defendant does not dispute venue is appropriate in this District in accordance with federal statutory law.

9.      Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint, except to admit the Court has original jurisdiction over this action in accordance with 28 U.S.C. §1331 based on Plaintiff's claims asserted under the Family and Medical Leave Act, has supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. §1367, and Plaintiff's claim premised on Ohio Rev. Code §4123.90  should be severed from this action and remanded to state court in accordance with 28 U.S.C. §1441(c)(2).

10.      Defendant admits the allegation contained in paragraph 10 of Plaintiff's Complaint.

11.      Defendant admits the allegation contained in paragraph 11 of Plaintiff's Complaint.

12.      Defendant denies the allegation contained in paragraph 12 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

13.      Defendant denies the allegation contained in paragraph 13 of Plaintiff's Complaint, except to admit Defendant acquired the assets of Shearer Equipment as a result of a transaction that closed on or about January 30, 2019.

14.      Defendant denies the allegation contained in paragraph 14 of Plaintiff's Complaint.

15.      Defendant denies the allegation contained in paragraph 15 of Plaintiff's Complaint, except to admit Defendant recognized Plaintiff's date of hire with Shearer Equipment for purposes of Defendant's benefits.

16.      Defendant denies the allegation contained in paragraph 16 of Plaintiff's Complaint, except to admit Plaintiff applied for employment with Defendant upon the Shearer Equipment acquisition, and

2

then Defendant hired Plaintiff as a Service Manager and she requested and was given a transfer to the North Royalton location.

17.     Defendant denies the allegation contained in paragraph 17 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

18.     Defendant denies the allegation contained in paragraph 18 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

19.     Defendant denies the allegation contained in paragraph 19 of Plaintiff's Complaint, except to admit that on or about April 1, 2019, Ridenour was transferred to the North Royalton location as its Service Manager upon her request.

20.     Defendant denies the allegation contained in paragraph 20 of Plaintiff's Complaint, except to admit Mordesovich became Store Manager on or about April 29, 2019.

21.     Defendant denies the allegation contained in paragraph 21 of Plaintiff's Complaint, except to admit Service Managers are eligible to receive bonuses based on the Service Department's performance under their leadership.

22.     Defendant denies the allegation contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegation contained in paragraph 23 of Plaintiff's Complaint, except to admit Plaintiff received a bonus for April 2020 because Johnmark Ocheltree performed her job duties for her which resulted in a positive EBIDA for the store for that month.

24.     Defendant denies the allegation contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegation contained in paragraph 25 of Plaintiff's Complaint, except to admit Plaintiff received a bonus for June of 2020 because Johnmark Ocheltree and Michael Cinque performed her job duties for her which resulted in a positive EBIDA for the store for that month.

26.     To the extent the allegation contained in paragraph 26 of the Complaint relates to Ridenour's employment with Shearer Equipment, Defendant denies it for lack of knowledge or

3

information sufficient to form a belief as to its truth. To the extent this allegation relates to Ridenour's employment with Defendant, Defendant denies it, except to admit a Service Writer was transferred from the Copley store to work in the North Royalton store's service department temporarily to conduct its day-to-day operations until Plaintiff moved into the vacant Service Manager position there, and then this Service Writer was transferred back to the Copley store in May of 2015.

27.     To the extent the allegation contained in paragraph 27 of the Complaint relates to Ridenour's employment with Shearer Equipment, Defendant denies it for lack of knowledge or information sufficient to form a belief as to its truth. To the extent this allegation relates to Ridenour's employment with Defendant, Defendant denies it, except to admit a Service Writer was transferred from the Copley store to work in the North Royalton store's service department temporarily to conduct its day-to-day operations until Plaintiff moved into the vacant Service Manager position there, and then this Service Writer was transferred back to the Copley store in May of 2015.

28.     Defendant admits that after the Service Writer who was working temporarily at the North Royalton store was transferred back to the Copley store, a Service Writer was not hired to work at the North Royalton store during Plaintiff's employment because the store's financial condition did not warrant the hiring of a Service Writer there; admits Plaintiff was encouraged to hire technicians to help her; and denies all other express and implied allegations contained in paragraph 28 of the Complaint.

29.      Defendant denies the allegation contained in paragraph 29 of the Complaint, except to admit Defendant employs Service Writers at most of its regional stores, but does not employ Service Writers at others.

30.     Defendant denies the allegation contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant admits the allegation contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendant admits the allegation contained in paragraph 32 of Plaintiff's Complaint.

4

33.     Defendant denies the allegation contained in paragraph 33 of Plaintiff's Complaint, except to admit Plaintiff was the only Service Manager, male or female, at the North Royalton location.

34.     Defendant denies the allegation contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegation contained in paragraph 35 of Plaintiff's Complaint, except to admit that many employees, including technicians, assist Service Managers with unloading trucks; that Service Managers, including Plaintiff, were trained to unload trucks and occasionally do so; and that Plaintiff was encouraged to hire technicians to help her.

36.     Defendant denies the allegation contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies it did not allow technicians to assist Plaintiff with unloading trucks, denies it took any action to discriminate against Plaintiff because of her gender, and denies all other express and implied allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegation contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant admits the allegation contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies that it placed a hiring freeze on Plaintiff's department, denies it prevented her from hiring employees to help her with her workload, admits it encouraged Plaintiff to hire technicians, and denies all other express and implied allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies that it placed a hiring freeze on Plaintiff's department, denies it took any action to discriminate against Plaintiff because of her gender, and denies all other express and implied allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegation contained in paragraph 42 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth, except to admit that on or about June 3, 2020 Plaintiff reported that Mr. Gunther had made a sexually inappropriate comment to her many

5

months before, and when Defendant was made aware of this, it confronted Mr. Gunther about it and then he resigned from his employment on June 4, 2020.

43.     Defendant denies the allegation contained in paragraph 43 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

44.     Defendant denies the allegation contained in paragraph 44 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

45.     Defendant denies the allegation contained in paragraph 45 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

46.     Defendant denies the allegation contained in paragraph 46 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

47.     Defendant denies the allegation contained in paragraph 47 of Plaintiff's Complaint, except to admit that on or about June 3, 2020, Plaintiff reported to Mr. Ocheltree that Mr. Gunther had made a sexually inappropriate comment to her many months before.

48.     Defendant admits the allegation contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegation contained in paragraph 49 of Plaintiff's Complaint, except to admit Michael Murphy became Division President on or about March 9, 2019.

50.      Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint, except to admit that on or about June 3, 2020 Plaintiff met with Ocheltree, Murphy and Mordesovich regarding her report about the alleged Gunther comment, after she had reported this comment to Ocheltree earlier that day.

51.     Defendant admits the allegation contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegation contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegation contained in paragraph 53 of Plaintiff's Complaint, except to admit the June 11, 2020 discipline was issued to Plaintiff less than two weeks she after she reported that Gunther had made an inappropriate sexual comment.

54.     Defendant denies the allegation contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint, except to admit Defendant issued written discipline to Plaintiff on June 11, 2020.

56.     Defendant admits it did not discipline male Service Managers in June of 2020 for not meeting their performance metrics when they had met their performance metrics for prior months, denies Plaintiff met her performance metrics for months prior to June of 2020, and denies all other express or implied allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegation contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendant admits the allegation contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendant admits the allegation contained in paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies denies the allegation contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendant admits the allegation contained in paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegation contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegation contained in paragraph 63 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

64.     Defendant denies the allegation contained in paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegation contained in paragraph 65 of Plaintiff's Complaint, except to admit Rogers was transferred to the North Royalton Service Manager position after Plaintiff's employment was terminated.

66.     Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint, except to admit a Service Writer was hired to work at the North Royalton on or about October 12, 2020.

67.     Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies Plaintiff had a workplace injury in November of 2019, denies Plaintiff was transporting a deck for a customer in November of 2019 for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 68 of the Complaint.

69.     Defendant denies Plaintiff had a workplace injury in November of 2019, denies Plaintiff injured her shoulder in November of 2019 for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, denies Plaintiff was transporting a deck in November of 2019 for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, denies the deck shifted on the dolly when Plaintiff was allegedly transporting it for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, denies Plaintiff reached for the deck to keep it from falling for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 69 of the Complaint.

70.     Defendant denies Plaintiff had a workplace injury in November of 2019, denies Plaintiff reached for the deck for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, denies the deck pulled her shoulder for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 70 of the Complaint.

71.     Defendant denies the allegation contained in paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegation contained in paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies Plaintiff had a workplace injury in November of 2019, denies Plaintiff was working outside the building for deliveries and pickups in November of 2019 for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 73 of the Complaint.

74.      Defendant denies Plaintiff had a workplace injury in November of 2019, denies it was nighttime when Plaintiff was allegedly working outside the building for deliveries and pickups in November of 2019 for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 74 of the Complaint.

75.      Defendant denies Plaintiff had a workplace injury in November of 2019, denies the parking lights and building lights were not working when Plaintiff was allegedly working outside the building for deliveries and pickups in November of 2019 for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 75 of the Complaint.

76.      Defendant denies Plaintiff had a workplace injury in November of 2019, denies Plaintiff hit the corner of her knee on a skid steer with a push box on it in November of 2019 for lack of knowledge or information sufficient to for a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 76 of the Complaint.

77.      Defendant denies the allegation contained in paragraph 77 of Plaintiff's Complaint.

78.      Defendant denies the allegations contained in paragraph 78 of the Complaint, except to admit Plaintiff consulted with physicians during 2020.

79.      Defendant denies Plaintiff's appointment with physicians in 2020 were rescheduled and canceled multiple time for lack of knowledge or information sufficient to form a belief as to the truth of this allegation, and denies all other express or implied allegations contained in paragraph 79 of the Complaint.

80.      Defendant denies the allegation contained in paragraph 80 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

81.      Defendant denies the allegation contained in paragraph 81 of Plaintiff's Complaint for lack of knowledge or information sufficient to form a belief as to its truth.

82.     Defendant denies Plaintiff was advised she would need to do eight weeks of therapy for her alleged torn rotator cuff for lack of knowledge or information sufficient to form a belief as to truth of this allegation, denies Plaintiff applied to utilize Family and Medical Leave, and denies all other express or implied allegations contained in paragraph 82 of the Complaint.

83.     Defendant denies the allegation contained in paragraph 83 of Plaintiff's Complaint, except to admit Plaintiff filed a worker's compensation claim on July 8, 2020 in relation to an alleged shoulder injury.

84.     Defendant admits the allegation contained in paragraph 84 of Plaintiff's Complaint.

85.     Defendant admits the allegation contained in paragraph 85 of Plaintiff's Complaint.

86.     Defendant admits the allegation contained in paragraph 86 of Plaintiff's Complaint.

87.     Defendant denies the allegation contained in paragraph 87 of Plaintiff's Complaint, except to admit that as of the first week of July, 2020, she had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the previous 12 months.

88.     Defendant denies the allegation contained in paragraph 88 of Plaintiff's Complaint.

89.     Defendant denies the allegation contained in paragraph 89 of Plaintiff's Complaint, except to admit that Plaintiff informed Ms. McElreath in early July of 2020 that she would be off work from July 9 to July 11, 2020, that Plaintiff subsequently informed Ms. McElreath she did not need those days off, and that Plaintiff never applied for FMLA leave.

90.     Defendant denies the allegation contained in paragraph 90 of Plaintiff's Complaint.

91.     Defendant denies the allegation contained in paragraph 91 of Plaintiff's Complaint.

92.     Defendant admits that a June 26, 2020 daily review indicated the North Royalton store had a daily percentage of target value, comparing MTD sales versus LYMTD sales, of 141.33% which was the highest percentage of target among Defendant's stores, and that the service review of the North Royalton store conducted in June of 2020 revealed the North Royalton store had a YTD EBITDA loss of -

$66,705, which established the North Royalton store was performing poorly and unprofitable under Plaintiff's leadership. Defendant denies the 141.33% target value number, comparing MTD sales versus LYMTD sales, demonstrates the North Royalton store was profitable, which it was not, and denies all other express or implied allegations contained in paragraph 92 of the Complaint.

93.     Defendant admits the allegation contained in paragraph 93 of Plaintiff's Complaint.

94.     Defendant denies the allegation contained in paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegation contained in paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegation contained in paragraph 96 of Plaintiff's Complaint.

97.     Defendant denies the allegation contained in paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies it has a progressive disciplinary policy, denies it violated its disciplinary procedure when it terminated Plaintiff's employment, and denies all other express and implied allegations contained in paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies it has a progressive disciplinary policy, admits it does not violate its disciplinary procedure when terminating the employment of indviduals, and denies all other express and implied allegations contained in paragraph 99 of Plaintiff's Complaint that are not expressly admitted herein.

100.     Defendant denies it has a progressive disciplinary policy, admits it does not violate its disciplinary procedure when terminating the employment of individuals, and denies all other express and implied allegations contained in paragraph 100 of Plaintiff's Complaint that are not expressly admitted herein.

101.     Defendant denies it has a progressive disciplinary policy, admits it does not violate its disciplinary procedure when terminating the employment of individuals, and denies all other express and implied allegations contained in paragraph 101 of Plaintiff's Complaint that are not expressly admitted herein.

11

102.    Defendant denies it has a progressive disciplinary policy, admits it does not violate its disciplinary procedure when terminating the employment of individuals, and denies all other express and implied allegations contained in paragraph 102 of Plaintiff's Complaint that are not expressly admitted herein.

103.    Defendant denies it has a progressive disciplinary policy, denies it violated its disciplinary procedure in relation to the termination of Plaintiff's employment, denies it undertook any action in relation to Plaintiff because of her gender, and denies all other express and implied allegations contained in paragraph 103 of Plaintiff's Complaint.

104.    Defendant denies it has a progressive disciplinary policy, denies it violated its disciplinary procedure in relation to the termination of Plaintiff's employment, denies it undertook any action in relation to Plaintiff because she made a complaint, and denies all other express and implied allegations contained in paragraph 104 of Plaintiff's Complaint.

105.    Defendant denies it has a progressive disciplinary policy, denies it violated its disciplinary procedure in relation to the termination of Plaintiff's employment, denies it undertook any action in relation to Plaintiff because she filed a worker's compensation claim, and denies all other express and implied allegations contained in paragraph 105 of Plaintiff's Complaint.

106.    In response to paragraph 106 of Plaintiff's Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1-105 of Plaintiff's Complaint.

107.    Defendant admits the allegation contained in paragraph 107 of Plaintiff's Complaint.

108.    Defendant denies the allegation contained in paragraph 108 of Plaintiff's Complaint.

109.    Defendant denies the allegation contained in paragraph 109 of Plaintiff's Complaint.

110.    Defendant denies the allegation contained in paragraph 110 of Plaintiff's Complaint.

111.    Defendant denies the allegation contained in paragraph 111 of Plaintiff's Complaint.

112.     Defendant denies it discriminated against Ridenour based on her gender or any other protected class, denies it violated R.C. §4112.01 *et seq.*, and  denies all other express and implied allegations contained in paragraph 112 of Plaintiff's Complaint.

113.     Defendant denies the allegations contained in paragraph 113 of Plaintiff's Complaint.

114.     Defendant denies the allegation contained in paragraph 114 of Plaintiff's Complaint.

115.     In response to paragraph 115 of Plaintiff's Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1-114 of Plaintiff's Complaint.

116.     Defendant denies the allegation contained in paragraph 116 of Plaintiff's Complaint, except to admit that on or about June 3, 2020, she reported a co-worker had made a sexually inappropriate comment to her many months before.

117.     Defendant denies the allegation contained in paragraph 117 of Plaintiff's Complaint, except to admit the June 11, 2020 discipline was issued to Plaintiff after she reported a co-worker had made an inappropriate sexual comment.

118.     Defendant denies the allegation contained in paragraph 118 of Plaintiff's Complaint, except to admit Plaintiff's employment was terminated after she reported a co-worker had made a sexually inappropriate comment to her.

119.     Defendant denies the allegation contained in paragraph 119 of Plaintiff's Complaint.

120.     Paragraph 120 of Plaintiff's Complaint constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant states the statute cited speaks for itself and denies any inferences of liability.

121.     Defendant denies the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.     Defendant denies the allegation contained in paragraph 122 of Plaintiff's Complaint.

123.     In response to paragraph 123 of Plaintiff's Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1-122 of Plaintiff's Complaint.

124.    Defendant denies the allegation contained in paragraph 124 of Plaintiff's Complaint.

125.    Defendant denies the allegation contained in paragraph 125 of Plaintiff's Complaint.

126.    Defendant denies the allegation contained in paragraph 126 of Plaintiff's Complaint, except to admit Plaintiff filed a worker's compensation on July 8, 2020 in relation to an alleged shoulder injury.

127.    Defendant admits the allegation contained in paragraph 127 of Plaintiff's Complaint.

128.    Defendant denies the allegation contained in paragraph 128 of Plaintiff's Complaint.

129.    Defendant denies the allegations contained in paragraph 129 of Plaintiff's Complaint.

130.    Defendant denies the allegation contained in paragraph 130 of Plaintiff's Complaint.

131.    In response to paragraph 131 of Plaintiff's Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1-130 of Plaintiff's Complaint.

132.    Paragraph 132 of Plaintiff's Complaint constitutes a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies any inferences of liability and asserts Plaintiff has failed to state a public policy wrongful discharge claim upon which relief may be granted because, *inter alia*, she has failed to invoke a sufficiently clear public policy that was jeopardized by the termination of her employment.

133.    Paragraph 133 of Plaintiff's Complaint constitutes a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies any inferences of liability and asserts Plaintiff has failed to state a public policy wrongful discharge claim upon which relief may be granted because, *inter alia*, she has failed to invoke a sufficiently clear public policy that was jeopardized by the termination of her employment.

134.    Paragraph 134 of Plaintiff's Complaint constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant states the decision cited speaks for itself and denies any inferences of liability.

135.     Paragraph 135 of Plaintiff's Complaint constitutes a legal conclusion to which a response is not required. To the extent a response is required, Defendant denies any inferences of liability and asserts Plaintiff has failed to state a public policy wrongful discharge claim upon which relief may be granted because, *inter alia*, she has failed to invoke a sufficiently clear public policy that was jeopardized by the termination of her employment.

136.     Defendant denies Plaintiff has invoked a sufficiently clear public policy on which to base a public policy wrongful discharge claim, denies Defendant's termination of her employment jeopardized any public policy, and denies all other express and implied allegations contained in paragraph 136 of Plaintiff's Complaint.

137.     Defendant denies Plaintiff has invoked a sufficiently clear public policy on which to base a public policy wrongful discharge claim, denies Defendant's termination of her employment jeopardized any public policy, denies the termination of her employment was motivated by her alleged conduct related to any public policy, and denies all other express and implied allegations contained in paragraph 137 of Plaintiff's Complaint.

138.     Defendant denies the allegation contained in paragraph 138 of Plaintiff's Complaint.

139.     Defendant denies the allegation contained in paragraph 139 of Plaintiff's Complaint.

140.     In response to paragraph 140 of Plaintiff's Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1-139 of Plaintiff's Complaint.

141.     Defendant denies the allegation contained in paragraph 141 of Plaintiff's Complaint.

142.     Defendant denies Plaintiff applied to utilize FMLA leave, admits that as of the first week of July, 2020 she had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the previous 12 months, and denies all other express and implied allegations contained in paragraph 142 of Plaintiff's Complaint that are not expressly admitted herein.

143.     Defendant denies Plaintiff applied to utilize FMLA leave, denies she was entitled to use FMLA leave, and denies all other express and implied allegations contained in paragraph 143 of Plaintiff's Complaint.

144.     Defendant denies Plaintiff applied for FMLA leave, and denies all other express and implied allegations contained in paragraph 144 of Plaintiff's Complaint.

145.     Defendant denies the allegation contained in paragraph 145 of Plaintiff's Complaint.

146.     Defendant denies the allegation contained in paragraph 146 of Plaintiff's Complaint.

147.     Defendant denies the allegation contained in paragraph 147 of Plaintiff's Complaint.

148.     In response to paragraph 148 of Plaintiff's Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1-147 of Plaintiff's Complaint.

149.     Paragraph 149 of Plaintiff's Complaint constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant states the FMLA statute speaks for itself and denies any inferences of liability.

150.     Defendant admits the allegation contained in paragraph 150 of Plaintiff's Complaint.

151.     Defendant denies the allegation contained in paragraph 151 of Plaintiff's Complaint.

152.     Defendant denies Plaintiff applied to utilize FMLA leave, admits that as of the first week of July, 2020 she had been employed by Defendant for at least 12 months and had worked at least 1,250 hours during the previous 12 months, and denies all other express and implied allegations contained in paragraph 152 of Plaintiff's Complaint that are not expressly admitted herein.

153.     Defendant denies Plaintiff applied to utilize FMLA leave, denies she was entitled to use FMLA leave, and denies all other express and implied allegations contained in paragraph 153 of Plaintiff's Complaint.

154.     Defendant denies Plaintiff applied for FMLA leave, and denies all other express and implied allegations contained in paragraph 154 of Plaintiff's Complaint.

16

155.    Defendant denies the allegation contained in paragraph 155 of Plaintiff's Complaint, except to admit it terminated Plaintiff's employment and Plaintiff was not able to use FMLA leave after her employment was terminated because she was no longer employed.

156.    Defendant denies the allegation contained in paragraph 156 of Plaintiff's Complaint.

157.    Defendant denies the allegation contained in paragraph 157 of Plaintiff's Complaint.

158.    Defendant denies the allegation contained in paragraph 158 of Plaintiff's Complaint.

159.    Defendant denies the allegations contained in paragraph 159 of Plaintiff's Complaint.

160.    To the extent any of the unnumbered headings contained on pp. 1, 2, 3, 6, 7, 9, 10, 11, 12 and 13 of Plaintiff's Complaint purport to expressly or impliedly assert Defendant engaged in any unlawful or improper conduct or that it is liable for to Plaintiff for the violations she has alleged, Defendant denies these allegations.

161.    Defendant denies Plaintiff is entitled to any of the relief or remedies she prays for in paragraphs (a) through (f) of her Complaint's demand for relief.

<u>DEFENSES</u>

1.    Plaintiff's Complaint fails to state any claims upon which relief may be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure.

2.    To the extent Plaintiff is seeking alleged non-economic damages in relation to her claims asserted in Counts I, II and IV of her Complaint, her request for such damages is limited under O.R.C. §2315.18(B).

3.    To the extent Plaintiff is seeking alleged punitive damages in relation to her claims asserted in Counts I, II and IV of her Complaint, an award of punitive damages is precluded by O.R.C. §2315.21(C).

4.      To the extent Plaintiff is seeking alleged punitive damages in relation to her claims asserted in Counts I, II and IV of her Complaint, assuming Plaintiff proves her entitlement to punitive damages pursuant to Ohio Rev. Code §2315.21(C), her request for such damages is limited by the provisions of O.R.C. §2315.21(D).

5.      To the extent Plaintiff is seeking alleged non-economic damages and/or alleged punitive damages in relation to her claim asserted in Count III of her Complaint, such damages are not available under O.R.C. §4123.90.

6.      Plaintiff is not entitled to a jury trial on her claim premised on O.R.C. §4123.90; therefore, her request for a jury trial on this claim should be stricken.

7.      To the extent Plaintiff is seeking alleged non-economic damages and/or alleged punitive damages in relation to her claims asserted in Counts V and VI of her Complaint, such damages are not available under the FMLA.

8.      Plaintiff's claim for alleged punitive damages is barred or limited by Defendant's good faith efforts to comply with applicable state and federal employment laws and regulations.

9.      Any damages recovered by Plaintiff in relation to her claims asserted in Counts I, II and IV of her Complaint must be offset and/or reduced by any benefits she has received from any collateral source, pursuant to O.R.C. §2315.20.

10.     The trial of this action should be bifurcated in accordance with O.R.C. §2315.21(B).

11.     To the extent Plaintiff is requesting attorney's fees for pursuing her claims asserted in Counts I, II and IV of her Complaint, she is not entitled to recovery of such attorney's fees, and her request for attorney's fees should thus be stricken.

12.     To the extent Plaintiff is requesting liquidated damages in relation to her claims asserted in Counts I, II, III and IV of her Complaint, she is not entitled to recovery of such damages, and thus her request for liquidated damages should be stricken.

13.     To the extent Plaintiff is requesting treble damages in relation to any of her claims, she is not entitled to recovery of such damages, and thus her request for treble damages should be stricken.

14.     Plaintiff's claims and/or requests for relief may be barred or limited based on her failure to mitigate her alleged damages.

15.     Plaintiff's claims and/or requests for relief may be barred or limited by the after-acquired evidence doctrine.

16.     Plaintiff's claims and/or requests for relief may be barred or limited by the doctrine of equitable estoppel.

17.     Plaintiff's claims and/or requests for relief may be barred or limited by the doctrine of waiver.

18.     Defendant denies all liability to Plaintiff and denies she is entitled to any damages; but in the alternative, any damages recovered by Plaintiff must be offset by any compensation or remuneration she has received or could have received with reasonable diligence during the period for which she is seeking damages.

19.     All actions taken by Defendant in relation to Plaintiff were undertaken for legitimate, nondiscriminatory and nonretaliatory reasons.

20.     Defendant denies Plaintiff was subjected to any discrimination or retaliation, but the same employment decision(s) regarding Plaintiff would have been made even if there had been a discriminatory or retaliatory motive, which there was not.

21.     Defendant denies it violated the FMLA; but in the alternative, any act or omission of Defendant that is found to have been a violation of the FMLA was in good faith, and Defendant had reasonable grounds for believing such act(s) or omission(s) was or were not a violation of it.

22.     Defendant denies it has violated O.R.C. Ch. 4112 or O.R.C. §4123.90; but in the alternative, any act or omission of Defendant that is found to have been a violation of these laws was in

19

good faith, and Defendant had reasonable grounds for believing that the act(s) or omission(s) was or were not a violation of them.

23.     Plaintiff failed to fulfill her obligations under 29 U.S.C. §2612(e)(2)(B) and applicable regulations.

24.     Defendant reserves the right to file such amended answers and defenses as may be appropriate based on information generated during discovery.

Respectfully submitted,

/s/ R. Scot Harvey
R. Scot Harvey (0046910)
Michael P. Karst (0091020)
KASTNER WESTMAN & WILKINS, LLC
3550 West Market Street, Suite 100
Akron, Ohio 44333
(330) 867-9998
(330) 867-3786 (fax)
sharvey@kwwlaborlaw.com
mkarst@kwwlaborlaw.com

*Counsel for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Answer and Defenses to Plaintiff's Complaint has been served via the Court's CM/ECF system this 5th day of February, 2021 upon the following:

Brian D. Spitz, Esq.
brian.spitz@spitzlawfirm.com
Daniel S. Dubow, Esq.
daniel.dubow@spitzlawfirm.com
The Spitz Law Firm, LLC
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122

*Attorneys for Plaintiff*

/s/ R. Scot Harvey
R. Scot Harvey (0046910)
